BURCH v. CADEN STONE CO. et al.

(Circuit Court, D. Kentucky. March 28, 1899.)

**Injury of Servant—Joint Liability of Fellow Servant and Master.**

    An employé of a corporation cannot be held jointly liable with the corporation for an injury to another employé alleged to have resulted from negligence, both on his part and on the part of the corporation, where it is not alleged that he was guilty of willful wrongdoing, or that he acted outside of his instructions or the scope of his employment.

On Demurrer to Petition.

Pryor, O'Neal & Pryor, for plaintiff.
Fairleigh, Straus & Eagles, for defendants.

EVANS, District Judge. This action was begun in the state court, and was afterwards removed here by the defendants. The petition is in three paragraphs, though in the decision of the court upon the pending question the third paragraph need not be considered. The plaintiff, in substance, avers, in paragraph 1 of the petition, that he was, on the 22d of October, 1896, in the employment of the Caden Stone Company, and was engaged in laboring for it; that while acting in the line of his duty as a servant of said company, and while acting under the orders of its agent and servant, Albert Caden, a derrick fell upon the plaintiff, and wounded and injured and caused him to suffer greatly, both mentally and physically, and impaired his ability to earn money,—all to his damage in the sum of $10,000. Further, that said derrick fell and injured him, as a direct and natural result of the gross negligence of the servants of said company, who were running and operating its quarry, and who, with such gross negligence, had erected said derrick in such an unskillful and unworkmanlike manner as to greatly endanger the lives of all defendants' employés near the same, and that, well knowing its dangerous condition, said company did erect and knowingly maintain the same, whereby plaintiff was injured as aforesaid. The second paragraph is in the following language:

"Plaintiff says, further, that said derrick was erected and maintained as set forth in the first paragraph of his petition, and at the time of his injury aforesaid, and prior thereto, Albert Caden was the agent and servant of said Caden Stone Company, and that he, with other agents and servants of said company, did assist in the erection and maintenance of said derrick, as set forth in the first paragraph of his petition, and that by his gross negligence, joined and concurring with the gross negligence of said company, all his injuries aforesaid were received, as the direct and natural consequence of said gross negligence. He says, further, that said Albert Caden was, at the time of his said injury, a stockholder, agent, and partner in the said Caden Stone Company. He says, further, that said Albert Caden is jointly and severally responsible to him for all his injuries aforesaid, and that by his gross negligence aforesaid this plaintiff has been damaged in the sum of $10,000."

No suggestion has been made of a misjoinder, either of parties or of causes of action, but defendant Albert Caden has filed a general demurrer to the second paragraph of the petition, bringing up thereby the question of whether that paragraph states a cause of action against that defendant. Assuming its statements to be true (except that the word "partner" must be ignored), and giving to them

their natural significance and meaning, the paragraph, taken in connection with the first paragraph, charges that the Caden Stone Company, its agents and servants, including Albert Caden, erected the derrick with such gross negligence, and in such an unskillful and unworkmanlike manner, as to greatly endanger the lives of the employés of the company, and that the company, knowing the dangerous condition of the derrick, knowingly maintained it, whereby plaintiff was injured. It is furthermore averred that the defendant Albert Caden, as agent and servant of the company, assisted in the erection and maintenance of the derrick, as set forth in the first paragraph, and that by his gross negligence, joined and concurring with the gross negligence of the company, the plaintiff's injuries were received while acting under the orders of said defendant, as agent of the company. The pronouns are so mixed in paragraph 2 as to make it somewhat difficult at times to gather the exact meaning of the pleader, but it is apparent from the pleading that the plaintiff and Albert Caden were both at the time employés of the Caden Stone Company, but whether Albert Caden was at any time acting beyond the orders of his principal does not appear. It is not shown that there was any authority on the part of Albert Caden independently to control the manner in which the derrick was erected. It is not shown that Albert Caden was guilty of any willful or intentional wrongdoing respecting the derrick or the operations of the company whereby the plaintiff was injured. If it appeared from the pleading that the injury to the plaintiff was the result of a positive and willful wrong, he might possibly be jointly liable with his principal; but in the absence of any statement showing that there was willful wrongdoing, or any express statement that Albert Caden had any control superior to that of the plaintiff over the operations of the derrick, and in the absence of any statement directly connecting Albert Caden with the operations of the derrick in any manner not directed by the principal, or not within the scope of his employment, the court has reached the conclusion that the second paragraph of the petition does not show a cause of action against the defendant Albert Caden. It does not show a case where any one but the principal—in this case, the common employer of both men—is liable to the plaintiff. The case appears to be one where the principal should respond, and not the servant. It is a case of negligence only. Mere negligence, however gross, would not change the rule, unless it were willful or malicious. The demurrer, therefore, is sustained, with leave to the plaintiff to amend within two weeks.